United States District Court
Southern District of Texas

**ENTERED**

July 27, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| THEANNIS JOSE PEROZO-MATA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05679 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

## <u>MEMORANDUM & ORDER</u>

Before the Court is Petitioner Theannis Jose Perozo-Mata's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 8). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

## I.    BACKGROUND

The parties do not dispute the following facts. Petitioner Theannis Jose Perozo-Mata is a citizen of Venezuela who entered the United States without inspection on September 29, 2020. ECF No. 1 at ¶ 21. Upon entry, she was detained by immigration officials and given a credible fear interview, which resulted in the Department of Homeland Security (DHS) determining that she had a credible fear of persecution in Venezuela. *Id*. She was issued a Notice to Appear (NTA) ordering her to appear in removal proceedings before an immigration judge (IJ) pursuant to 8 U.S.C. § 1229a. ECF No. 1, Ex. 3 (Original NTA).

1 / 7

Rather than being immediately permitted to enter the United States, Ms. Perozo-Mata was sent to await her immigration court proceedings in Mexico pursuant to the Migrant Protection Protocols (MPP) program. *See* ECF No. 1, Ex. 4. While she remained in Mexico, Ms. Perozo-Mata returned to the Brownsville port of entry for several appointments, as instructed by immigration officials. ECF No. 1 at ¶ 22; Ex. 4. On April 13, 2021, DHS paroled Ms. Perozo-Mata into the country under Section 212(d)(5) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(d)(5), which grants DHS discretion to temporarily permit inadmissible noncitizens to enter the country for "urgent humanitarian reasons or significant public benefit." ECF No. 1, Ex. 5 (Parole). This parole automatically expired on April 11, 2022, but Ms. Perozo-Mata was not re-detained at that time. ECF No. 1 at ¶ 23. On March 8, 2022, Ms. Perozo-Mata submitted an application for Temporary Protected Status (TPS).[1] ECF No. 1, Ex. 6 (TPS Application). On March 30 of that year, she filed an application for asylum and withholding of removal with the immigration court. ECF No. 1, Ex. 7 (Form I-589).

Ms. Perozo-Mata has resided in the United States with the Government's knowledge since her arrival in April of 2021. On October 6, 2022, an immigration judge dismissed the removal proceedings against Ms. Perozo-Mata. ECF No. 1, Ex. 8. On January 19, 2024, she was issued an employment authorization document that allowed her to work lawfully in the Untied States. ECF No. 1, Ex. 9.

On April 17, 2026, Immigrations and Customs Enforcement (ICE) re-detained Ms. Perozo-Mata. ECF No. 1 at ¶ 28. She was issued a second Notice to Appear charging her with being "an arriving alien" not in possession of a visa or other valid entry document and again ordering her to

---

[1] Although TPS was available to Venezuelan nationals in March of 2022, it is not clear from the evidence before the Court whether Ms. Perozo-Mata's application was ultimately granted.

appear in removal proceedings before an immigration judge. ECF No. 1, Ex. 10 (Second NTA). The NTA makes no mention of Ms. Perozo-Mata's prior parole, its expiration, or her previous removal proceedings. *Id*. Ms. Perozo-Mata remains in custody at the Houston Contract Detention Facility. Her removal proceedings are ongoing. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.     ANALYSIS

Petitioner argues, among other claims, that her re-detention violates her Fifth Amendment right to due process of law. The Court agrees.

### A. Procedural Due Process

The Court has recently addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) or similar release order without a pre-deprivation hearing or proof of changed individual circumstances demonstrating that the noncitizen was now a flight risk or danger to the community violated the noncitizen's right to procedural due process. *See Betancourth v. Tate, et al*., 822 F.Supp.3d 762, 768-770 (S.D. Tex. 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026).

The Court sees no reason to reach a different conclusion here. Release on parole, like release on an ORR, "necessarily 'reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'" *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026) (internal citations omitted); *see* 8 C.F.R. § 212.5(b) (requiring that noncitizens released on parole "present neither a security risk nor a risk of

absconding"). Although Petitioner's parole expired automatically on April 11, 2022, the Government did not take her into custody at this point. To the contrary: DHS dismissed the removal proceedings against Ms. Perozo-Mata in October of 2022 and issued her a work authorization document in January of 2024, over a year after the expiration of her parole. There is no indication that Petitioner now presents a flight risk or danger when she did not in April of 2022, October of 2022, or January of 2024. Since the purpose of detention under § 1225(b) is to prevent flight, the fact that Petitioner was previously granted humanitarian parole suggests a high risk that she is being erroneously deprived of her liberty. The Court therefore sees no reason to reach a different conclusion here than in its prior decisions involving release on recognizance.

As to Respondents' additional arguments, the Court has already rejected them. *See Betancourth*, 822 F.Supp.3d at 766-67 (rejecting argument that *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) bars procedural due process claims for noncitizens whom ICE previously released on their own recognizance); *Alvarez Rico*, 2026 WL 522322 at * 2-3 (rejecting argument that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), precludes due process claims by noncitizens statutorily subject to mandatory detention); *Perea-Berrio*, 2026 WL 709481 at *2 (rejecting argument that arbitrary revocation of release from custody does not violate due process because it does not violate the applicable regulatory scheme); *id*. at *3 (rejecting argument that immediate release is not an appropriate remedy).

The Court declines to reconsider its prior decisions on this issue. It concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

**B.  Effect of *Sosnava-Rodriguez v. Ortega* Litigation**

In addition to their substantive arguments, Respondents also argue that the Court should hold this petition "in abeyance" pending the Fifth Circuit's forthcoming *en banc* rehearing of *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, *mandate held* (5th Cir. July 2, 2026). *See* ECF No. 8 at 3-4. The Court disagrees, for the following reasons.

On July 2, 2026, a panel of the Fifth Circuit held that noncitizens who have lived in the United States for a significant period without inspection have a due process right to an individualized bond hearing after 90 days in ICE detention. *See generally Sosnava Rodriguez*, No. 26-50183, 2026 WL 1906557. On July 10, the Fifth Circuit ordered *en banc* rehearing of the case on its own motion and vacated the panel opinion, rendering it of no legal effect. *See Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647 at * 1 (5th Cir. July 10, 2026). On July 21, 2026, the Fifth Circuit granted the Government's motion for a stay of the underlying district courts' judgments in *Sosnava Rodriguez* pending the full rehearing by the Fifth Circuit. *See Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2104747, at *1 (5th Cir. July 21, 2026). The Fifth Circuit's published order granting a stay contained no reasoning or instruction with regard to the scope of the stay. Respondents argue that the Court should refrain from ordering habeas relief on due process grounds until the Fifth Circuit has resolved *Sosnava Rodriguez* on rehearing. The case is currently calendared for hearing before the *en banc* court on September 24, 2026.

There are several problems with this argument. While it is true that a stay may "inform how a court should exercise its equitable discretion in like cases," the Fifth Circuit's unreasoned stay is "not conclusive as to the merits." *Trump v. Boyle*, 145 S.Ct. 2653, 2654 (2025). *See also U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) (A stay does not "spawn binding legal consequences regarding the merits of [a] case."). The Fifth Circuit's stay in *Sosnava Rodriguez* was issued without analysis and does not state what precedential effect, if any, it has on

5 / 7

the district courts in general. The Court will not speculate as to the Fifth Circuit's unstated intentions, and will not deny relief that it deems meritorious solely because the individual district court judgments in *Sosnava Rodriguez* and consolidated cases were stayed.

Finally, even assuming that the stay has some precedential effect, Ms. Perozo-Mata's position is substantively different from those of the petitioners in the *Sosnava Rodriguez* cases. Whereas those decisions dealt with the due process rights of inadmissible noncitizens who had never been previously encountered or released by DHS, Ms. Perozo-Mata was paroled into the United States approximately five years ago and has resided here with the full knowledge of the United States Government ever since. This Court's due process analysis is focused on the arbitrary revocation of DHS' prior determination that Ms. Perozo-Mata was neither a flight risk nor a danger to the community without notice, opportunity to be heard, or any allegation of changed individual circumstances. *See generally Betancourth v. Tate, et al.*, 822 F.Supp.3d 762, 768-770 (S.D. Tex. 2026). The reasoning at issue in *Sosnava Rodriguez* is therefore not applicable to Ms. Perozo-Mata's petition.[2]

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior release, if applicable.

---

[2] While Respondents do not explicitly make this argument themselves, they attach a minute order from the district court in the Western District of Texas which characterizes the Fifth Circuit's unreasoned stay order as "stay[ing] all judges in this circuit from granting any habeas petitions asserting due process claims." *See* ECF No. 8, Ex. 1 (Text Order Denying Motion to Expedite, *Palles Franco v. Warden, Karnes Cty Immigration Processing Center*, No. 5:26-cv01976-XR (W.D. Tex. July 22, 2026)). This Court respectfully disagrees with its fellow district court's interpretation. The Court will not presume that the Fifth Circuit intended such far-reaching (and unstated) consequences from its unreasoned, one-sentence stay order.

6 / 7

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel of the time and place of release **no less than three hours** prior to her release from custody.

3.  Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 30, 2026**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 27, 2026.

Keith P. Ellison
United States District Judge