United States District Court
Southern District of Texas
**ENTERED**
July 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **THEANNIS JOSE PEROZO-MATA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-05679** |
| | § | |
| **TODD BLANCHE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

**ORDER**

Before the Court is Respondents' Motion to Stay (ECF No. 10). Respondents request that the Court stay its order granting Petitioner's habeas petition in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez*. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026). For the following reasons, the Motion to Stay is **DENIED**.

Respondents appear to argue that the Fifth Circuit's one-sentence published order granting a stay of the underlying district court judgments in *Sosnava Rodriguez* has the extraordinary effect of barring all district courts from granting habeas petitions by noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2) on any due process ground—no matter how dissimilar from the reasoning at issue in the stayed district court judgments.

The Court already considered and rejected this argument in its order granting habeas relief. *See* ECF No. 9 at 4-7 (discussing effect of *Sosnava Rodriguez v. Ortega* litigation). The Court declines to reconsider its prior decision on this question. While it is of course true that the stay, as a published order, is binding on this Court, the order is silent as to its scope and reasoning. Had

the Fifth Circuit intended to stay all habeas relief on any due process grounds—even grounds not considered or relied upon by the stayed district court orders—it could easily have expressed this intent. As the Court previously stated, "[t]he Court will not presume that the Fifth Circuit intended such far-reaching (and unstated) consequences from its unreasoned, one-sentence stay order."[1] *Id.* at 6 n. 2.

Moreover, while Respondents contend that "[t]his case is materially indistinguishable from [*Sosnava*] *Rodriguez*," ECF No. 10 at 2, that is simply false. As the Court previously noted, Petitioner in this case is in a fundamentally different position than the *Sosnava Rodriguez* petitioners because, unlike them, the Government was aware of her presence in the United States and previously released her from immigration detention on parole.

For the reasons articulated in its previous order, Respondents' Motion to Stay (ECF No. 10) is **DENIED**. The Court's prior order for release remains in effect.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 31, 2026.

Keith P. Ellison
United States District Judge

---

[1] Other district courts within the Fifth Circuit have similarly concluded that the stay does not bar all relief on due process grounds for people detained pursuant to § 1225(b)(2). *See, e.g.*, *Camacho v. Dep't of Homeland Sec.*, No. EP-26-CV-01717-DB, 2026 WL 2137156, at *2-3 (W.D. Tex. July 24, 2026) (concluding that "facial invalidation of Section 1225(b)(2)(A) is all that is precluded" by the stay); *Mercado Leyva v. United States Department of Justice Immigration Court*, 5:26-CV-01196, Doc. No. 11 at 2-3 n. 1 (S.D. Tex. July 23, 2026) ("Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed.").